THOMAS A. GLEASON *v.* HAMILTON WRIGHT ET AL.

1. PROMISSORY NOTE SECURED BY DEED OF TRUST. *Renewal of note. Payment.*

    Where a debt is secured by a deed of trust, a mere change in the form of the evidence of indebtedness, as giving a new note for the balance due on the old one, will not operate to discharge the security, unless it is apparent that the parties intended to extinguish the lien of the deed of trust. The new note could not be a payment of the old, unless expressly taken as such.

2. SAME. *Rights of assignee of new note.*

    Where a note, taken in renewal of the balance due on another, secured by a deed of trust, is negotiated by the payee, the purchaser of the new note is entitled to enforce the deed of trust to secure payment thereof.

APPEAL from the Chancery Court of Warren County.

Hon. EDWIN HILL, Chancellor.

This was a bill in chancery filed by Thomas A. Gleason, to foreclose a deed of trust on land. The facts are stated in the opinion of the court.

*Catchings* and *Ingersoll*, for the appellant.

1. The balance due on the old note, secured by the trust deed, for which the new note was given, is secured by the same trust deed, and the *bona fide* holder of the new note may foreclose the trust deed as a mortgage, the trustee having refused to act. *Davis* v. *Maynard*, 9 Mass. 237; 11 Johns. 515; 14 Johns. 404; 16 Vt. 630; 2 G. & J. 512; 8 Gill, 177.

2. The new note was not accepted as payment of the old, and the decision of the Chancellor is not conclusive on that question of fact. *Money* v. *Turner*, MSS. Op.; *Apple* v. *Ganong*, 47 Miss. 189.

*M. Marshall*, for the appellees.

The question of payment was correctly decided, and the decision of the Chancellor is conclusive on that question of fact. *Davis* v. *Richardson*, 45 Miss. 499. The weight of evidence is not against the decree. It must therefore be affirmed.

CAMPBELL, J., delivered the opinion of the court.

Hamilton Wright executed a note for $8,000, payable twelve months after date to J. W. Champlin, and a deed of trust to secure this note. The note was to cover dealings between Wright, a country merchant, and Champlin, his factor and commission merchant in the city of New Orleans. Dealings were had between them, and a note was given by Wright on the 10th May, after the deed of trust, which was dated 21st February, 1873, for $3,364.50, payable to Champlin at the same time and place as the $8,000 note, and to evidence the then existing indebtedness of Wright to Champlin. This was negotiated by Champlin, and purchased by Gleason, who seeks to enforce the deed of trust to secure payment of the note for $3,364.50. Wright resists the effort of Gleason, on the ground that the new note is not covered by the deed of trust, but that the $8,000 note was paid *pro tanto* by the new note,

which was negotiated by Champlin. This is the real question in the case. The legal rule is that a mere change in the form of the evidence of indebtedness will not operate to discharge a lien given to secure a debt, unless it is apparent that the parties intended to extinguish the lien. *Lewis* v. *Starke*, 10 S. & M. 120. It is not apparent from the record in this case that the parties intended to extinguish the lien of the deed of trust.

Wright says such was his understanding, but there can be no pretence that this was the understanding or intention of Champlin. The new note could not be a payment of the old, unless expressly taken as such. It was not so taken. *Guion* v. *Doherty*, 43 Miss. 538.

Gleason acquired all the rights of Champlin, and is entitled to enforce the deed of trust to secure payment of the note for $3,364.50.

The decree is not in accordance with this view, and is reversed, and a decree will be entered here in favor of the appellant in conformity to this opinion.