EMMA S. COOPER ET AL. v. THOMAS H. ALLEN ET AL.

1. CHANCERY PLEADING.  *Amendment.  Statute of Limitations.*

   If the period of the bar of the Statute of Limitations elapses pending a bill to foreclose a married woman's mortgage for plantation and family supplies, which is afterwards decided to be void, an amended bill can be maintained to enforce the statutory charge for the supplies.

2. MARRIED WOMAN.  *Separate estate.  Statutory charge.*

   Plantation and family supplies furnished a wife, on her personal application and that of her husband with her consent, are a charge upon her separate estate, although the merchant accepts the husband's note, and a void mortgage made by him and his wife as security.

APPEAL from the Chancery Court of Bolivar County.

Hon. W. G. PHELPS, Chancellor.

The original bill was filed Dec. 16, 1868, to foreclose a mortgage executed by Emma S. Cooper and her former husband to secure his notes, one for three thousand dollars, due Oct. 25, 1866, and the other for a larger sum, given, as was alleged, for plantation and family supplies, wearing apparel, furniture, and buildings on her land.   Upon a former appeal (*Allen* v. *Lenoir*, 53 Miss. 321), the mortgage was declared void for want of acknowledgment by the married woman, and the case was remanded in order that the Allens might amend their bill and litigate with Mrs. Lenoir as to her liability by virtue of the dealings between the parties, independently of the mortgage.   An amended bill was accordingly filed May 16, 1877, which alleged that plantation and family supplies having been furnished to the amount of the larger note, and the Allens refusing to continue advancing without security, Lenoir, who owned nothing, and managed his wife's business, gave his two notes, the smaller for future advances, and the void mortgage was executed; that in April, 1867, Mrs. Lenoir came to Thomas H. Allen, one of the firm, and by representations that she would lose her crop without further advances, induced them to furnish further supplies to Mr. Lenoir, it being understood that the smaller note was to stand as collateral security for any balance which might be finally due on account, and that, up to

Dec. 13, 1867, they advanced more than six thousand dollars over their receipts from the plantation. The appellants answered setting up the Statute of Limitations, and denying that the items of the account were a charge under the married woman's law. Having eliminated from the account every thing not shown by proof to be a charge under the statute, the Chancellor decreed subjecting the land to an amount measured by the smaller note.

*T. J. & F. A. R. Wharton* and *F. A. Montgomery*, for the appellants.

1. Leaving out of view the note and mortgage, the latter of which was declared 'void upon the former appeal (*Allen* v. *Lenoir*, 53 Miss. 321), the debt which the amended bill is filed to enforce cannot be charged upon the married woman's separate estate, because it was not contracted for any of the purposes contemplated by the married woman's statute (*Viser* v. *Scraggs*, 49 Miss. 710), and also because all remedy to enforce it is barred by the Statute of Limitations. The supplies were furnished, and the husband's note given, more than six years before the amended bill was filed. The amended bill cannot be maintained upon the theory that it is the same cause of action as the original bill, because the note involved therein has been paid. *Neal* v. *Allison*, 50 Miss. 175; *Windsor* v. *Kennedy*, 52 Miss. 165; *Ogden* v. *Harrison*, 56 Miss. 743; 1 Dan. Ch. Prac. 852. The attempt to consider the husband's note as an account stated is a failure. *Klotz* v. *Butler*, 56 Miss. 333, is unlike this case. Here the note was given *before* the advances were made. Mrs. Cooper is not estopped either by her own statements or those of her husband to show that the money thus loaned was not used upon her plantation, as held in *Wright* v. *Walton*, 56 Miss. 1; she does not bind her estate for payment thereof, even though she states, at the time of borrowing, that it is obtained to be expended for the support of herself and family, or for supplies for her plantation, if she does not actually use it for such purposes. In order to bind her estate, in such case, it must appear that the money was used for some purpose for which she could contract under the statute. A note for future supplies for the wife's plantation and the family does not bind her.

*Nugent & McWillie*, for the appellees.

When this case was reversed, it was remanded to enable the appellees to litigate with Mrs. Lenoir as to her liability "by virtue of the dealings between the parties." *Allen* v. *Lenoir*, 53 Miss. 321. That is an adjudication full and complete. Why remit the parties to this right if they were to be met with a plea of the Statute of Limitations? The case, however, is controlled by *Barnett* v. *Nichols*, 56 Miss. 622. The defendant will not be permitted to add to the bad faith charged against her by setting up the Statute of Limitations against the debt. In a court of equity the complainants are compelled to amend their bill in a proceeding begun in 1868. The amended bill is a mere continuation of a suit then commenced. The right of action may well be said to have arisen when the original bill was decided not to be maintainable because of the plea that the clerk's certificate of acknowledgment was a forgery. Nothing but the coverture of Mrs. Cooper enabled her to interpose that plea under the peculiar circumstances of the case, and that coverture cannot be converted now into an engine of oppression. *Klotz* v. *Butler*, 56 Miss. 333, settles this case. Mrs. Lenoir gave up to her husband full control of her property, and acquiesced in every thing he had done and was doing. When he failed, she supplemented his efforts and procured additional supplies.

CAMPBELL, J., delivered the opinion of the court.

The opinion of this court delivered in this case at a former term is contained in 53 Miss. 329 *et seq.* Afterwards, the complainants exhibited their amended bill, averring the liability of the separate estate of Mrs. Lenoir, now Mrs. Cooper, not by virtue of the mortgage, which had been pronounced to be void as to her, but because of the dealings had between the complainants and Mr. Lenoir. The bill, as amended, brings the case within the principle of the case of *Guion* v. *Doherty*, 43 Miss. 538, repeatedly followed in this court, and the evidence maintains the amended bill. The original bill was filed Dec. 16, 1868, and the amended bill was exhibited May 16, 1877. The Statute of Limitations is pleaded against the demand of the amended bill. The Chancellor maintained

this demand to the amount of three thousand dollars, because, to that amount, it was asserted in the original bill, which was filed in December, 1868.   The excess of the claim over three thousand dollars, not being demanded by the original bill, was held to be barred by the time elapsed before the exhibition of the amended bill.   Counsel for the appellants lay stress on the fact that the note was paid by credits admitted by the appellees.   This may be true, and it does not affect the right of the complainants to recover on their account to the extent that it is not barred by lapse of time.

The gist of the amended bill is that the complainants are entitled to charge the separate estate of Mrs. Lenoir, because of the purchases made by her husband, in the manner and under the circumstances detailed by the bill.   The answer denies the allegations of the bill as to the liability of the estate of Mrs. Lenoir, and relies on the lapse of time, as a bar to the claim against her estate, if it ever was liable.   We think the bill is maintained by proof, as we have before stated ; and the answer to the defence of lapse of time is, that to the amount of three thousand dollars, the demand of the complainants was asserted in their original bill, and although the amended bill was exhibited in 1877, the claim asserted by it is the very one asserted originally, and the amendment in the statement of the claim, and the relief sought in the varied statement of the demand are to be viewed as if embraced in the original bill.                                        *Decree affirmed.*