## S. A. BROOKS *v.* SALLIE A. BARKLEY.

1. HUSBAND AND WIFE.   *Money advanced to pay debts.   Wife's liability.*

   Where one conducting his wife's plantation, not on his own account but as her agent, contracts a debt for plantation supplies, she is liable therefor; and a third person who advances him, as agent for the wife, money with which he pays the debt, may recover the amount from her.

2. SAME.   *Plantation supplies.   Wife's liability.*

   Where one thus conducting his wife's plantation as her agent, contracts a debt for plantation supplies, her liability is not affected by taking his note therefor, there being no contract to release her.   *Cook* v. *Ligon*, 54 Miss., 368.

3. SAME.   *Wife as principal.   Notice of this immaterial.*

   In such case, whether the credit was given to the husband as the wife's agent, or to him alone in ignorance of the fact that the wife was in fact principal, she is liable.   *Porter* v. *Staten*, 64 Miss., 421.

FROM the circuit court of Noxubee county.

HON. NEWNAN CAYCE, Judge.

Action by appellant against appellee on an open account. The declaration alleges that the defendant, Sallie A. Barkley, in the year 1888, being the owner of a plantation in Lowndes

county, Mississippi, permitted her husband, A. H. Barkley, to carry on planting operations on said plantation as her agent; that during said year, in conducting said business, he bought plantation supplies from one Nance, and, in January, 1889, as her agent, borrowed money from plaintiff to pay Nance for such supplies, executing to plaintiff his individual note for the money so borrowed; that the money was used to pay Nance, and that the debt was one for which she, as principal, was alone liable; that in accepting the note of said A. H. Barkley it was not intended to release the said S. A. Barkley from liability. The declaration further avers that during the year 1890 the said Sallie A. Barkley permitted her husband, as her agent, to conduct the planting business on said plantation, and that in so doing he purchased of one Scales certain plantation supplies for the benefit of the wife; that afterwards she obtained *from plaintiff a loan of money with which the said indebtedness of Scales was paid. Plaintiff asked judgment for the amount of both bills, averring that defendant was liable therefor. A demurrer to the declaration was sustained, and, plaintiff declining to amend, the suit was dismissed, and plaintiff appeals.

*Orr & Orr,* for appellant.

The declaration is good as a common law declaration against a principal for the acts of an agent. Where the agent has executed his individual promise, the creditor may sue him or the principal.

The declaration is also good under § 2293, code 1892. That the husband executed his note for the debt to Nance is immaterial. 43 Miss., 539; *Clopton* v. *Matheny,* 48 *Ib.,* 285. Neither the mere acceptance of the note of the husband nor the recovery of a judgment against him will release the wife. *Cook* v. *Ligon,* 54 Miss., 368.

The case of *Porter* v. *Staten,* 64 Miss., 421, is not applicable to the facts stated in this declaration, but the case falls within the rule laid down in *Ross* v. *Baldwin,* 65 Miss., 570.

*W. W. Humphries*, for appellee.

We think the demurrer was properly sustained, and rely upon § 2293, code 1892, and the decision in *Porter* v. *Staten*, 64 Miss., 421.' Even if the husband had given a note to the party alleged to have furnished supplies, in order to establish liability upon the part of the wife, it would have been necessary for the pleadings to show that the goods sold were such as fell within the scope of the husband's apparent power to purchase for the wife, and then the defendant could only be held for such items bought for the use and benefit of the business transacted with her property, and this would not include family supplies. The burden of proof, in such case, would be on plaintiff to show what items fell within the class for which defendant might become liable. The case of *Ross* v. *Baldwin*, 65 Miss., 570, relied upon by opposite counsel, we do not think is applicable.

Argued orally by *W. G. Orr*, for appellant.

WHITFIELD, J., delivered the opinion of the court.

The declaration, whilst stating that the husband bought, usually, all supplies, plantation or family, seeks, in this case, according to its terms and the bill of particulars, to recover only for plantation supplies. It is alleged that, in taking the note of the husband, appellant did not intend to release appellee, but that appellee was alone responsible. The declaration does not make a case, where, as in *Porter* v. *Staten*, 64 Miss., 421, the credit was given to the husband alone, but one where, as alleged, the credit was given to the wife alone.

The fact that the husband gave his individual note—which note, at least in the case of the purchase of the supplies from ·Nance, shows on its face that the money forming its consideration was paid by draft to Nance—makes no difference, the wife not being released. *Cook* v. *Ligon*, 54 Miss., 368.

Nor is it material, under the allegations of the declaration,

that the notes, instead of being given to Nance and Scales, were given to appellant for money with which the plantation supplies bought from them were paid for. 69 Miss., 56.

Whether the wife was a disclosed or undisclosed principal, the credit being given, in the one case, to the husband as her agent, or, in the other, to him, in ignorance of the facts, under this declaration, we think her estate is liable. *Porter* v. *Staten; Cook* v. *Ligon, supra.*

The judgment is

*Reversed, and cause remanded.*