Mary McCormick *v.* F. Altneave & Co.

Husband as Agent of Wife. *Supplies furnished wife's farm. Note of husband for balance due. Liability of wife. Code 1892, § 2293. Account stated. Note evidence of amount due.*

Where, in an action against a married woman on a note signed by her husband alone, the declaration avers that the note was given to the plaintiff by the husband, as the agent of his wife, in acknowledgment and extension of the balance due for plantation supplies furnished by the plaintiff for, and used upon, her farm, of which the husband was manager, as her agent, and was intended, not to relieve her of any obligation, but to bind her just as if she had signed the same, the action will be treated, on demurrer, as one on an account stated, and the note itself as evidence of the amount ascertained to be due on such accounting, and as importing an obligation for which she is liable under § 2293, code 1892.

From the circuit court of Carroll county.

Hon. C. H. Campbell, Judge.

The appellees brought suit against the appellant and her husband, John C. McCormick, the latter being joined for conformity only, on a promissory note, signed by the husband alone, for the sum of $355.80, and, to fix liability upon appellant, alleged in their declaration the several matters set out in the opinion of the court touching the relation of the parties defendant, the nature and origin of the indebtedness, and the intent with which the note was executed.

The appellant demurred to the declaration, assigning as grounds of demurrer (1) that the plaintiffs showed no right of action against her, and (2) that she was not a party to or in any way connected with the note sued on.

The demurrer was overruled, and, appellant having failed to plead within the time allowed for that purpose, a judgment by default was entered against her. From this judgment she appeals.

*Coleman, Somerville & Liddell*, for appellant.

The suit is not one to bind the wife as an undisclosed principal, but rather an effort to subject her to liability under § 2293 of the code of 1892 for plantation supplies, and the note is treated as a recognition of the debt for supplies, and not as itself constituting an obligation on the part of the wife to pay. It is manifest that the plaintiff's right of action on open account for the supplies furnished is barred by the three year statute of limitations, and this accounts for the averments of the declaration designed to show an acknowledgment of the indebtedness sufficient to save the bar. The declaration is oddly drawn, but seems to be founded on a debt for supplies that is, as stated, barred by the statute of limitations. It does not aver distinctly that the note is the obligation of the wife, and her name does not appear on it, and the suit should not be maintained as one on the note. The note is not that of one acting for an undis-

closed principal.   The payee of the note, who now sues on it, had full knowledge of all the facts, and voluntarily took the husband's obligation in extension of the indebtedness.   In 9 Am. ed. of Chitty on Contracts, p. 233, note 3, we find these words quoted from Shaw, C. J., in *Taber* v. *Cannon*, 8 Metc., 460: "We think it is settled by authorities, that when it is known that a person is acting as agent, or when a draft is addressed to him as agent, yet if he give or accept it in his own name, he is personally liable, and, as a converse of this proposition, his principal is not liable."   See *Bedford Com. Ins. Co.* v. *Covell*, 8 Metc., 442.

The contract in question is that of the husband, and not that of the wife.   By its terms it is the obligation of the husband, and the law should not make a contract that the parties, with full knowledge of the facts, did not make, putting her signature to the note when her agent has negatively refused to do so.   A contract to pay may be implied where the principal has received the benefit of the consideration, but the contract is not the note itself, where the principal is not undisclosed.   *Pents* v. *Stanton*, 10 Wend.; 271; *Bank of British North America* v. *Hooper*, 5 Gray, 567.

This suit, we insist, is one upon the note, and the demurrer should have been sustained.   But if it be treated as one upon open account, then the appellants fare no better, for no bill of particulars or statement of the account appears in the record. A writ of inquiry, then, was necessary to determine the amount due, before the default judgment could be made final under § 745, code 1892.


*Southworth & Stevens*, for appellees.

The averments of the declaration were such as to impose liability on the wife.   *Cook* v. *Ligon*, 54 Miss., 368; *Guion* v. *Doherty*, 43 *Ib.*, 538; *Clopton* v. *Matheney*, 48 *Ib.*, 285; *Porter* v. *Staten*, 64 *Ib.*, 421; *Ross* v. *Baldwin*, 65 *Ib.*, 570; code 1892, § 2293.

The appellees simply ignored the agent, and sued the principal. This was justified by the facts of the transaction averred in the declaration, the husband having acted throughout as the agent of the wife, even signing the note in that capacity. *Cook* v. *Ligon, supra.*

The judgment recites that the husband was only joined *pro forma.* No judgment was taken against him. This course was proper on the authority just cited, as well as on the cases cited in that opinion to sustain it of *Mallett* v. *Parham,* 52 Miss., 921; *Bacon* v. *Bevan,* 44 *Ib.,* 293.

No further bill of particulars than the note sued on was necessary. That was the evidence of the debt. The declaration avers the authority of the husband to make the note for his wife, the principal, and his authority to do so is admitted by the demurrer. Section 676, code 1892, was conformed to by the filing of the note with the declaration. The long account between the parties was closed by the note, and, perhaps, many items of it were barred by the statute of limitations. It was certainly not necessary to reopen all those matters, when the note was given in acknowledgment of the balance stated. Besides, no objection, for lack of a bill of particulars, was made in the court below. *Tierney* v. *Duffy,* 59 Miss., 364; *Bank of Louisiana* v. *Ballard,* 7 How. (Miss.), 371.

Whitfield, J., delivered the opinion of the court.

The declaration, after averring fully the facts necessary to make the wife's estate liable, then alleges that the note was given by the husband, acting as the agent of the wife, "who was not to be relieved thereby from any obligation" to plaintiffs; that it was to bind her, just "as if she had affixed her signature thereto;" that it was so executed by the husband, "in extension of said" balance of $355.80, and, "in acknowledgment" of that amount, "ascertained then to be due," January 1, 1892. The note is attached as an exhibit to the declaration and became part of it. Code of 1892, § 677. We think the

note is to be treated as an account stated, and the suit as a suit on an account stated. The note was executed to save the bar of the statute and to fix the balance due, and must be taken in connection with all the facts alleged in the declaration, of which it is a part, and hence, under the averments of the declaration, converts what had been an open account into an account stated. Treating the action as one upon an account stated, the note was proper evidence of the account stated under the declaration, and itself ascertained the balance due.   *Guion* v. *Doherty*, 43 Miss., 555, bottom of the page; 2 Greenleaf on Ev. (15th ed.), § 126, note 3.   And, under the well-settled doctrines of this court on this subject, the wife's estate was properly held liable.   *Cook* v. *Ligon*, 54 Miss., 368; *Guion* v. *Doherty*, 43 Miss., 538; *Clopton* v. *Matheny*, 48 Miss., 285; *Brooks* v. *Barkley*, 72 Miss., 320.

It would, in a proper case, still be competent for the wife to show, treating the note as an account stated, that, though the balance ascertained by it to be due was correct as to amount, the balance was, in part, for articles of the class for which her estate was not chargeable.   But the demurrer here admitted they were all for plantation supplies used on his farm.   The judgment, however, is shown to be excessive to the extent of $1.95.

*The judgment will therefore be reversed, and a judgment will be entered here for the true amount.*