### MARGARET A. CALDWELL *v.* JOHN HART ET AL.

1. HUSBAND AND WIFE.  *Plantation supplies.  Statutory agency.*
   A husband's power to contract for himself, is not absorbed in his statutory agency for his wife, and her plantation is not liable for supplies which he obtains on his own credit, unless it receives the benefit of the purchase.

2. SAME.  *Use of supplies.  Agency.  Estoppel.*
   The mere fact that a husband, in purchasing supplies, states that they are for a plantation, which the seller believes to be his, does not estop his wife, who in fact owns the plantation, to deny that they were used thereon.

3. SAME.  *Charge on wife's estate.  Husband's agency.*
   The doctrine by which the wife's plantation is charged for supplies used thereon, reviewed, and the husband's statutory agency discussed in connection therewith.

4. SAME.  *Family supplies.  Wife's consent.*
   A married woman's separate estate cannot be charged for family supplies, purchased by her husband on his credit, without her consent.

5. SAME.  *Chancery practice.  Evidence.  Decree.*
   Under a bill to enforce the statutory charge for plantation supplies, if the proof shows supplies both for the plantation and the family, but negatives liability for the family supplies, no decree can be rendered for the former, without distinguishing them from the latter.

APPEAL from the Chancery Court of Hinds County.

Hon. E. G. PEYTON, Chancellor.

*Nugent & McWillie*, for the appellant.

The bill states that the account was for plantation supplies; but Hart testifies that it was for both family and plantation supplies, without distinguishing them. This is a failure of proof. The grounds of liability are different in the two cases. *Guion* v. *Doherty*, 43 Miss. 538 ; *Cook* v. *Ligon*, 54 Miss. 368 ; *Grubbs* v. *Collins*, 54 Miss. 485. It is not affirmatively shown that the plantation supplies, if there were any, ever reached the plantation, while, under the facts in this case, only the use of them could make the place liable. Entire absence of knowledge, not to say consent, negatives liability for the family supplies, which, like the others, were sold to the husband on his credit.

*M. Green*, for the appellees.

The husband, who is, by the statute, constituted agent for the purchase of plantation supplies, can bind his principal within the scope of his power, and the merchant, who sells him such supplies for the plantation, is not compelled to see to their use. *Wright* v. *Walton*, 56 Miss. 1. The wife cannot escape payment because her husband, who bought the supplies for the plantation, diverted them, as she says, after the purchase. She is estopped to make such defence by her agent's statement to the contrary, relying upon which the merchant parted with his property. The account was scanned in the court below, and all family supplies stricken out. By stating that he extended credit to the husband, Hart did not mean that he sold him the goods on his individual responsibility, but that he gave him time.

GEORGE, C. J., delivered the opinion of the court.

The appellees are merchants in the city of Jackson, and filed their bill in the Chancery Court of Hinds County, against the appellant, for the purpose of enforcing the collection, out of her separate estate, of an open account created by her husband. The bill exhibits the account, and states that the appellees sold the goods mentioned in it to Charles Caldwell, the husband, and charged the same to him, supposing that he was the owner of the plantation, which really belonged to the wife. The bill admits that the entire credit for the goods was in the first instance given to the husband, under the supposition that he was in fact the owner of the wife's estate, and that after the husband's death, the appellees sued his administrator and recovered a judgment, and that after such recovery they ascertained that the wife was the real owner of the plantation. The bill further charges that the goods sold to the husband were in fact for the benefit of the wife's separate estate, being supplies used and consumed in the cultivation of her plantation ; and it is this alleged user which constitutes the equity of the bill as against the wife.

It will be observed that the bill does not seek to charge the wife's separate estate, upon the ground that the husband claimed to be acting for and on behalf of the wife in making

the purchases, or that the appellees considered him as her agent; but, on the contrary, it is distinctly averred that the appellees contracted with the husband as principal, extending to him personally the credit, upon the belief that he was owner of the plantation. The sole equity of the bill to charge the wife's separate estate is that the appellees allege that they subsequently discovered that the husband purchased for the benefit of the wife's estate, which actually received the benefit of the goods. The answer positively denies that the goods, or any of them, were purchased for or used on the wife's estate ; and there is no sufficient proof to overturn this allegation of the answer.

It is now insisted that, because the goods were purchased by the husband, and he stated that they were for the use of the plantation, which the appellees supposed to be his, but which was really the wife's, she is estopped to deny that they were received by her and used on the plantation and for her benefit. We do not consider this a just view. If it be conceded as an established rule that, where the husband professes to act for and on behalf of the wife, under his statutory authority to bind the wife's estate by his contracts for supplies for her plantation, and he is treated with by the merchant in that capacity, his mere statement that the supplies purchased by him were for the use of the wife's plantation, would estop the wife from asserting the contrary, it by no means follows that when he acts on his own behalf, and treats with the merchant on that basis, his statement as to the use which he intends to make of the goods would have the same effect. The reason why there would be an estoppel in the first case, if the estoppel were allowed at all, would be that the husband, being accredited with an agency which he assumed to execute, is also accredited to make any statement within the scope of his authority, concerning the business which he is transacting. The party could only know by his statements whether he was proposing to act as agent rather than on his own behalf, and if as agent, whether the particular contract was on behalf of his principal. It is too clear for controversy that where a person who is an agent contracts in his own name, on his own behalf, and on his own credit, he alone is responsible. If it be

sought to charge an undisclosed principal on such a contract, it must be shown that the contract was really on behalf of the principal and for his use ; but then the seller must make his election to charge the principal before payment by the principal to the agent, and while the state of the account between the principal and agent is in favor of the latter. Story on Agency, § 291, and note. In this case the husband contracted on his own behalf, in his own name, and on his own credit, which is admitted by the appellees to have been good at the time. He did not even pretend to be an agent. He made no declaration that he was acting for the benefit of the wife's estate or on her behalf. And it is attempted now to show that he was really acting for his wife, not by proving that she received the benefit of the contract, or that the husband was secretly acting for her, but by proof only that the husband did not have the use for the goods which he stated he had at the time he bought them.

The agency of the husband to make contracts for supplies for the plantation of the wife, where no consent of the wife is shown, results from a purely statutory power, which he may exercise or not at his discretion. He is under no obligation or duty to exercise it, and his agency for the wife exists under the statute only when he makes such a contract or professes so to act for the wife. The fact that he possesses this power affords no reason why, when refusing to exercise it, he may not act for himself. His personal rights and powers are not absorbed in this power to act for the wife, nor destroyed nor suspended by the existence of the marital relation. Marriage imposes no disabilities upon him. In this case the contract of the husband and the appellees was a contract in which the latter were sellers and creditors, and the former was purchaser and debtor. It conferred no rights and imposed no obligations on any third party. Both parties were free agents and had a right to make the contract. If the creditor seeks to hold another party liable for the avails of the contract, he must do so on some other ground than his right to enforce the contract against one who is no party to it. There is such a ground, and it arises out of the obligation of the wife to pay for a benefit which her estate has received from the money or goods of a third party. But

the benefit must be shown to have been received; for, without its reception, there is no duty on the wife to pay. When this obligation is imposed by a court of equity, it is not the enforcement of the contract made by the husband on his own credit and professedly for his own use, but the giving of a right in opposition to the contract. By the contract in this case the husband was debtor for supplies furnished for his benefit, and the enforcement of it would be compelling him to pay his own debt. But the relief sought is to compel the wife to pay the debt upon the ground that the supplies were for her use, the contract to the contrary notwithstanding. This relief would absolve the contract-debtor from liability, since the creditor cannot enforce payment twice for the same demand. The decree would be a nullification of the contract, not an enforcement of it.

In all the cases decided by this court in which the supplies were charged to the husband and yet payment for them was enforced out of the wife's estate, it appeared that, notwithstanding the goods were charged against the husband, the credit was really given to the wife; and it also appeared that the supplies were actually used for the benefit of the wife's estate. We do not mean to say that when the credit was given to the wife, though the charge was made against the husband, and when the latter, in purchasing the supplies, professed to act for and on behalf of the wife, it is necessary to show that the supplies actually went to the wife's benefit in order to hold her estate liable. In *Montgomery* v. *Eveleigh*, 1 M'Cord Ch. 267, and *Cater* v. *Eveleigh*, 4 Desauss. 19, which were cited and relied on by this court in *Guion* v. *Doherty*, 43 Miss. 538, the right to recover against the wife's estate, when the credit was originally given to another, was put expressly upon the ground that the wife's estate had received the avails of the contract; and this, we think, is the true ground upon which to place it.

But there is another ground equally fatal to the claim of the appellees. The bill charges that the goods sold were plantation supplies. The testimony of one of the appellees, when examined as a witness on his own behalf, was that they were both family and plantation supplies, and there is not a par-

ticle of evidence to distinguish those which were for the use of the plantation from those for the use of the family. If it were competent at all to recover for family supplies under the allegations of the bill, there is a total failure to show the wife's consent for her husband to make the purchase on her credit. Without such proof, there could be no remedy against her. The proof negatives both the consent of the wife that the husband should purchase family supplies on her credit, and the fact that he bought on her credit. Under the statute, the wife cannot be charged for family supplies unless she buys them herself on the credit of her estate, or the husband buys them, with her consent, on the like credit. The husband is primarily bound to furnish family supplies, and the wife can never be charged for them except by her consent. All the goods here were sold on the credit of the husband, and after that it was impossible to make the wife liable for such of them as were supplies only for her family and not for her plantation. There being a total failure to distinguish the articles intended for plantation supplies from the others, it is impossible to say how much should be charged to the wife, and in such a case there is a failure to make out the complainants' case. A decree must be for a sum certain, based on evidence reasonably sufficient to show the sum due. The amount cannot be arrived at by mere conjecture.

*Decree reversed and bill dismissed.*