Mary J. Ross *v.* O. H. Baldwin, Survivor, Etc.

Married Woman. *Agency of husband. Not restricted by Section 1177, Code of 1880.*

As a married woman is under no disability to contract, she may, either expressly or by a course of dealing, include within the scope of her husband's agency matters not provided for in Section 1177, Code of 1880, which declares that, "all business done with the means of the wife by the husband shall be deemed and held to be on her account, and for her use, and by her husband as her agent and manager in business."

Appeal from the Circuit Court of Madison County.

Hon. T. J. Wharton, Judge.

F. M. & O. H. Baldwin brought this action of *assumpsit* against Mary J. Ross to recover the balance due on an open account for $867.38, contracted during the year 1886. The defendant pleaded the general issue, payment, etc.

At the trial it was agreed between the parties as follows: "That the defendant, Mrs. Ross, is, and was the owner of a plantation in Madison County at the time of the contracting of the debt sued for; that she had mules and farming utensils, and that the crop was made on said plantation during the period in which this debt was contracted, and her mules were used in making crops on her premises; that the amount of the account is correct and the articles charged against the parties thereon were obtained by them; that defendant is a married woman and J. W. Ross is her husband, and was living with her at the time of the contracting of this debt; that Mrs. Ross received credit on account for all payments, and that the amount of the judg-

ment herein is the balance due on the account; and that all the items of the account sued on were for plantation supplies and for money to run plantation."

F. M. Baldwin having died, the action survived to, and was prosecuted by, O. H. Baldwin.

The testimony for the plaintiff was to the effect that F. M. & O. H. Baldwin knew that J. W. Ross was insolvent and would not have credited him; and that they knew that Mary J. Ross, his wife, owned the plantation upon which he and she resided as well as the animals and farming implements with which the yearly crops were produced on that place, and they (the Baldwins) sold the goods charged in the account sued upon, on her credit exclusively, and not on his at all. The evidence for the plaintiff showed too, that many of the articles of the account were bought by Mrs. Ross, in person, at the plaintiff's store, and taken therefrom by her; and also that an account was made in 1885, in the same way as that of 1886 here in suit, and was paid at the end of that year.

The evidence for the defendant tended to show, that some of the articles charged in the account sued upon were family supplies, and not strictly plantation supplies, and that many of the articles charged in the account were bought for, and used in, cultivation of a farm, (known as the Jones' place) rented and operated by J. W. Ross separately and individually. The defendants also produced evidence tending to show, circumstantially, that the plaintiff's firm knew, when the account was being made, that some of the goods sold were bought for use upon the Jones place, and that it was being cultivated by J. W. Ross on his own account. The plaintiff admitted knowledge that some of the articles charged in the account in question were family supplies, but denied any knowledge that any of the articles of the account were bought for, or used on, the Jones place, and claimed that he thought they were all bought for, and used on, Mrs. Ross' plantation.

The court gave for the plaintiff the following instructions:

" No. 1.—The court instructs the jury that if they believe, from the evidence, that Baldwin knew that Mrs. Ross owned a plantation and team on it, and that Ross, her husband, was making

a crop upon it with her team when the debt was contracted, and that the articles charged in the account were sold in good faith to Ross or Mrs. Ross, upon the belief that Mrs. Ross was the party from whom he was to get pay, and that the articles charged against her were suitable for plantation purposes, and such as are usually used to operate a farm in cultivating a crop, then Mrs. Ross is liable for all such articles and money, and it does not change her liability because the articles, or some of them, were used by Ross and his hands on the Jones place, operated by him, and you will so find a verdict for plaintiff, whatsoever amount the evidence shows is due on the account sued for."

"No. 2.—The court instructs the jury that if they believe, from the evidence, that Ross cultivated the plantation of his wife, using her means in such cultivation, and that the supplies obtained from Baldwin by Ross or his wife were suitable for plantation supplies, and that Baldwin dealt with Ross knowing these facts, they will find for the plaintiff the amount still due, as shown by Baldwin's account, even though they should further believe that the goods and money never in fact went on her plantation."

"No. 3.—The court instructs the jury that, under the facts of this case, the law makes Mr. Ross the agent of his wife, with or without her consent, and even against her consent, and she is bound for all goods bought by herself or her husband from Baldwin, if such goods were suitable for plantation supplies, whether they ever, in fact, went on her plantation or not, and the jury will so find."

The court refused instructions asked for the defendant in the following language :

"No. 1.—If the jury believe, from the evidence, that the account sued on was contracted, in part, for supplies for Mrs. Ross' plantation, and in part for the plantation rented by Mr. Ross, with which Mrs. Ross had nothing to do, and, in part for family supplies, and further believe that some member of the house of Baldwin & Co. knew that the supplies were so used, then, and in that event, Mrs. Ross is liable only for such supplies as were bought for her plantation, and is not liable for those

bought for the family or those bought for the plantation rented and run by Ross, and the burden of proof is upon Baldwin & Co. to show what goods were bought for the use of Mrs. Ross' plantation."

"No. 2.—Mrs. Ross, the defendant, is liable for such part of the account sued on as has been shown by evidence to have been bought for her place, and is entitled to credit on same of all the cotton credited on the account, and unless it has been shown by evidence that the goods bought for Mrs. Ross' place exceed in amount the amount of cotton credited on the account, they will find a verdict for the defendant, Mrs. Ross."

"No. 3.—If the jury believe, from the evidence, that the account sued on was contracted, in part, for supplies for Mrs. Ross' plantation, and in part for the plantation rented by Ross, with which Mrs. Ross had nothing to do, and in part for family supplies, and further believe that some member of the house of Baldwin & Co., the plaintiffs, knew that the supplies were so used, then and in that event, Mrs. Ross is liable only for such supplies as were bought for her plantation, and is not liable for those bought for the family, or those bought for the plantation rented and run by Ross."

"No. 4.—The Court instructs the jury that fraud is never to be presumed, and that, although they may believe from the evidence that J. W. Ross, the husband of the defendant, is the debtor of plaintiffs, that fact, by, and of itself, creates no legal obligation against the defendant in this suit, and the law is for defendant, and the jury will so find, unless they further believe, from the evidence, that the amount claimed by plaintiffs in this action was expended upon the plantation of defendant or for her use."

"No. 5.—The liability of J. W. Ross, the husband of the defendant, creates no obligation or responsibility in law upon the wife of the defendant in this suit."

The verdict and judgment were for the plaintiff, and the defendant appealed to this court.

Section 1177 of the Code of 1880 provides that, "it shall not be lawful for the husband to rent the wife's plantation, houses, horses, mules, wagons, carts or other implements, and

with them, or with any of her means, to operate and carry on business in his own name or on his own account; but, all business done with the means of the wife by the husband shall be deemed and held to be on her account and for her use, and by her husband as her agent and manager in business, as to all persons dealing with him without notice, unless the contract between the husband and wife which changes this relation, shall be evidenced by writing, subscribed by them, duly acknowledged, and filed with the chancery clerk of the county where such business may be done, to be recorded as other instruments are recorded therein."

*F. B. Pratt*, for the appellant.

I concede that Mrs. Ross is fully liable for every item of the account sued on that was actually used for her plantation or for the business carried on, thereon.

I concede that she is fully liable for every item of the account bought by Ross, which he represented to Baldwin & Co. was for the wife's plantation or business, whether the same was used for such purpose or not.

But I contend that her liability extends no farther. She is not liable for supplies bought by Mr. Ross of Baldwin & Co., for his own plantation and business or for family supplies, unless at the time of the purchase he represented that such supplies were for the wife's plantation or business, or bought them under such circumstances as would lead Baldwin & Co. as prudent business men, to suppose and believe they were for such use.

The above proposition gives the statute, (§ 1177, Code 1880) as strong and broad construction in favor of the opposite side as they can possibly ask.

It is manifest that any goods bought by Mr. Ross for his own place or for family supplies, was *outside* the scope of his agency.

In such case the principal, Mrs. Ross, is not liable to Baldwin & Co., if they had notice direct or constructive, that such purchases were outside of such scope of authority. Wharton on Agency, Sec. 460.

*F. B. Pratt* made an oral argument.

*Smith & Powell*, for the appellee.

The appellees were not required to see to the application of the goods charged in the account sued on. But even if they were, that rule would not apply here, because Mrs. Ross in person purchased nearly all the goods from appellees, and it is admitted by appellant that all of the articles were suitable for plantation supplies.

One who appoints an agent to represent him, (and it is the same if the agency be made by law,) is bound by the act of the agent in the scope of his authority, and one dealing with such agent so acting need not see to the application of the goods. *Porter & Macrae* v. *Staten*, 64 Miss., p. 427.

So, according to this principle, it makes no difference whether the goods were bought by Mr. or Mrs. Ross—if credit was given to Mrs. Ross in good faith, expecting from her payment, for what were sold suitable for running her plantation.

For in this case she was a disclosed principal, and Mr. Ross was her agent, with full power under the law to bind her in the purchase of such articles in this account, viz.: plantation supplies. 64 Miss., p. 427.

*R. C. Smith*, of counsel for the appellee, argued the case orally.

CAMPBELL, J., delivered the opinion of the Court.

This case is distinguished from *Porter* v. *Staten*, 64 Miss., 426, by the fact that here the principal was known and not undisclosed, as in the other case, and the credit was given to the principal, the wife. Section 1177 of the Code makes the husband the wife's agent in the state of case it mentions, and as a wife is not under any disability to contract, she may, by her conduct, make the agency of her husband broader than that provided for by Section 1177. She may do this expressly, or by a course of dealing. In this case the plaintiff might have asked and obtained instructions broader than those given; and those refused to the defendant are too narrow, because they are confined to Section 1177, and exclude the larger agency of the husband from the acts of the wife.

The result reached is clearly right upon the facts and law applicable, and the judgment is affirmed.