E. L. LEA ET AL. *v.* CLARKSDALE BANK & TRUST CO.

HUSBAND AND WIFE. *Use of wife's means. Liability for debts. Code* 1892, § 2293.

Section 2293, code 1892, provides that it shall not be lawful for the husband to rent the wife's plantation or other property, or with any of her means to carry on business for himself, but that all business done by him with the means of the wife shall be deemed to be on her account by him as her agent, as to all persons dealing with him "without notice," *unless* a written contract showing the contrary be executed and recorded. Where one rents his wife's plantation, and uses her means to carry on the plantation, and contracts debts with persons *having notice* that he is conducting the business on his own account, they cannot hold the wife liable, though there is no recorded contract. *Porter* v. *Staten,* 64 Miss., 421, cited.

FROM the circuit court of Coahoma county.

HON. R. W. WILLIAMSON, Judge.

N. W. Lea and E. L. Lea, his wife, owned separate plantations in Coahoma county, Miss. In 1891 and 1892 N. W. Lea, having rented his wife's land, conducted planting operations on both places in his own name. In carrying on the business he also used certain mules and farming implements belonging to his wife. He purchased supplies from Harris, Andrews & Co. with which to carry on the said business. There was no separate account kept to show what supplies were used on his own land and what on his wife's land. The accounts were all charged to him individually, some of the items, for convenience, having been first charged to the various tenants who bought the goods. Harris, Andrews & Co. assigned the claim to the Clarksdale Bank & Trust Co., which brought this suit thereon against N. W. Lea and E. L. Lea jointly. The defendants pleaded the general issue. On the trial the above facts were shown, and the testimony of R. N. Harris, a member of the

firm of Harris, Andrews & Co., showed that the supplies were furnished to N. W. Lea in his own name and on his credit; that the firm knew the said N. W. Lea, in his own right, was carrying on business on both of said plantations during the time the debt was contracted.    It was not shown that the defendant, E. L. Lea, made any contract for the purchase of any of the goods, or that she ever obligated herself to pay for the same.

The jury found for the plaintiff against E. L. Lea in the sum of $500, and against N. W. Lea in the sum of $1,385.91. Motion for a new trial was overruled.   ·The defendants appealed separately.    The opinion contains a further statement of the facts.        \

*D. A. Scott*, for appellants.

Plaintiff based its right to recovery upon a joint liability. The jury was not authorized, under the pleadings, to return a verdict for different amounts against the two defendants.   Besides, the proof shows no liability whatever on the part of the wife, and a reversal must be had as to her in any event.

The case does not impose liability on Mrs. Lea, under § 2293, code 1892.    The evidence shows, unmistakably, that the credit was extended to N. W. Lea, individually, to carry on the business in his own name.    The accounts were charged to him, and there is no evidence whatever to show liability on the part of the wife.    A written contract showing that the husband is not acting as the agent of the wife is only necessary as to persons "dealing with him without notice."    The wife is never bound for family supplies purchased by the husband, nor is she liable for plantation supplies except in cases brought within the purview of § 2293, code 1892.    *Cook* v. *Ligon*, 54 Miss., 368. See, also, *Porter* v. *Staten*, 64 Miss., 421.    The purpose of the statute is to protect innocent third persons who deal with the husband without notice of the fact that he is operating his wife's property in his own name.    In this case, the undisputed testimony is that the creditors knew that the husband was con-

ducting the business in his own name, and extended the credit to him individually.

If it be said that Mrs. Lee was liable for a part of the debt, the answer is that the burden of proof was on the plaintiff to show what part, and to prove the facts necessary to establish her liability. The jury acted arbitrarily and without proof in returning a verdict against her.

*J. W. & W. D. Cutrer*, for appellee.

We contend that appellee, E. L. Lea, is liable under § 2293, code 1892, as interpreted in *Porter* v. *Staten*, 64 Miss., 421, and *Ross* v. *Baldwin*, 65 *Ib.*, 570. We think the facts in this case show a broadening of the husband's agency by the wife's consent, so as to make her liable with him for the entire account, but this theory was not submitted to the jury. We submit that the verdict against her was supported by the evidence. It was shown that she had a large body of land that was operated on supplies furnished by Harris, Andrews & Co. The acreage was before the jury, and the account showed what was for family supplies. Eliminating family supplies, and applying common sense and reason, the liability of the two defendants was easily arrived at by the jury. The amount found against appellant, E. L. Lea, was not as large as the facts warranted.

With reference to N. W. Lea, there is certainly no question as to affirmance. He cannot complain that the amount found against him should have included that for which the wife was held liable. *Railroad Co.* v. *Doggett*, 67 Miss., 250.

WOODS, J., delivered the opinion of the court.

The only reversible error in the record is to be found in the verdict and judgment against Mrs. E. L. Lea. It was perfectly known to Harris, Andrews & Co. that N. W. Lea, the husband, was controlling, managing and carrying on his wife's plantation for and on his own account. The evidence of Har-

ris abundantly evidences this knowledge, and this knowledge exonerates the wife from liability. It was not necessary that a contract in writing between the husband and wife, declaring the character of the husband's control and management of the wife's plantation, should have been put to record. If those with whom the husband dealt had actual notice of the real relation of the parties, that was sufficient. The opinion of this court in *Porter* v. *Staten*, 64 Miss., 421, clearly states the proper construction of our statute in this behalf.

*The judgment against N. W. Lea is affirmed, and that against E. L. Lea is reversed and the cause remanded for any further proceedings desired.*