ISIDOR GROSS *v.* LIZZIE PIGG.

1. HUSBAND AND WIFE. *Wife's plantation controlled by husband. Supplies furnished to husband. Liability of wife. Code 1892, ¿ 2293.*

    Section 2293, code 1892, provides that it shall not be lawful for the husband to rent the wife's plantation, houses, horses, mules, wagons, carts or other implements, and with them, or with any of her means, to operate and carry on business in his own name and on his own account, but all business done with the means of the wife by the husband shall be deemed and held to be on her account and for her use, and by the husband as her agent and manager in business, as to all persons dealing with him "without notice," unless a written contract to the contrary be executed and recorded. The wife is liable, under this statute, for supplies sold to the husband, where the only definite evidence on the subject shows that, during the year in which the supplies were furnished, he took control of the plantation owned by her, managed it, made crops on it and bought supplies for it, without any contract or agreement with her in regard to the matter; and it is error to instruct the jury, in such case, that they should find for the defendant, if the plantation was cultivated by the husband on his own account to the knowledge of the creditor, there being no evidence to sustain the charge.

2. SAME. *Notice of contract. Husband's statutory agency. Liability of wife for all purchases within same.*

    Where the husband operates and controls the plantation of the wife, and the creditor who furnishes him with supplies to carry on the

business thereof is without notice of any contract between the husband and the wife whereby the relation of agency thus created is changed, the wife will be liable, under the above statute, for all supplies purchased by him within the scope of such agency, although some of them may have been family supplies, and not devoted to the business transacted by him as her agent; and it is error, in such case, to instruct the jury that their finding in favor of the creditor should cover plantation, and not family, supplies, and that they should give the wife credit for all payments made out of the proceeds of her crops. *Porter & Macrae* v. *Staten,* 64 Miss., 421, cited.

FROM the circuit court of Leake county.

HON. A. G. MAYERS, Judge.

Action by Isidor Gross, a merchant, on an account for supplies, made by the husband of the defendant, Lizzie Pigg, who owned the plantation on which they resided and as well the work animals used by her husband in cultivating the same. No contract of lease between the husband and the wife was filed or recorded in the office of the clerk of the chancery court; and the testimony as to the manner in which the husband was conducting the business of the plantation is stated substantially in the opinion. Some of the supplies furnished were used and consumed by defendant's family. The instructions quoted in the opinion were given by the court below orally on an agreement of counsel to the effect that the jury might be charged orally as to the law of the case. The verdict and judgment were for the defendant, and plaintiff appealed.

*D. C. Beauchamp,* for appellant.

The testimony shows that there was no contract of any kind between the husband and wife as to the planting business carried on by the husband on her land and with her teams. Certainly the contrary was not shown, and the wife was liable under § 2293, code of 1892. *Porter & Macrae* v. *Staten,* 64 Miss., 421; *Ross* v. *Baldwin,* 65 *Ib.,* 570; *Lea* v. *Clarksdale Bank & Trust Co.,* 72 *Ib.,* 317. There was no evidence to sustain the first instruction.

2. There was nothing in the way of a change from the statutory relation of agent for Gross to have notice of. The "notice" meant by the statute is notice of the contract changing such relation, and not what the appellee erroneously insists it is. *Porter & Macrae* v. *Staten, supra* (page 425). Were the same supported by the facts, the wife could not escape liability on the view that the appellant sold to the husband on his own account after knowing that the place was the property of the wife, and that the husband was buying the supplies for her place. That would leave out of consideration his statutory agency arising out of the absence of any contract with his wife while he was using her means or property.

*Luckett & Sullivan,* for appellees.

1. Gross, who had been dealing with defendant's husband for some years, knew that the plantation was hers, and, knowing this fact, charged the supplies to her husband. According to the testimony of her husband, he also knew that the husband was cultivating the place for himself. This showing justified the instructions given and the verdict rendered thereon. If Gross knew that defendant's husband was cultivating the place on his own account, he was not without the notice contemplated by the statute. Code of 1892, § 2293; *Porter & Macrae* v. *Staten,* 64 Miss., 421; *Lea* v. *Clarksdale Bank & Trust Co.,* 72 *Ib.,* 317.

2. The account included both plantation and family supplies, and there was no effort on the part of plaintiff to separate them. On the case made, the jury could not properly avoid finding for the defendant. *Caldwell* v. *Hart,* 57 Miss., 123; *Porter & Macrae* v. *Staten, supra.*

Cooper, C. J., delivered the opinion of the court.

The court erred in instructing the jury (1) that if the plantation of Mrs. Pigg was cultivated by her husband on his own account, and that Gross had notice thereof, it should find for

the defendant; (2) that if Gross had no notice, it should find in his favor for plantation, and not family supplies, giving defendant credit for payments made out of the proceeds of the crops grown on her place.

There is no evidence upon which the first charge could rest. It is true Mr. Pigg states that he was carrying on the place on his own account, of which Gross had notice. But how he was conducting the business is not definitely shown by his testimony, and is so shown by that of Mrs. Pigg. She testified that "she was the owner of the plantation ran and controlled by her husband during the year 1892; that her said husband just took control of the plantation and managed it, and made crops and bought supplies without any agreement or contract between them about the matter." This is the usual conduct of men whose wives own plantations, and is precisely the course of business which makes the husband the statutory agent of the wife. Code, § 2293.

If Gross had no notice that the husband was transacting business on his own account with the property of his wife, under contract with her, he was her agent, and she was liable for all goods bought by him within the scope of his agency, and the fact that some of the goods were not devoted to the business transacted by him as agent of his wife, does not relieve her from liability.

This case is covered in all its phases by the decision in *Porter & Macrae* v. *Staten*, 64 Miss., 421.

*Reversed.*