## EMMA O. JOHNSON *v.* JACOB H. JONES.

HUSBAND AND WIFE. *Code* 1892, § 2293. *Family supplies. Agency of husband. Scope extended. Wife's conduct.*

 A wife (being under our constitution fully emancipated from all disability on account of coverture, constitution 1890, § 94)· may by her conduct extend the scope of her husband's statutory agency as limited by Code 1892, § 3293, providing that where, without a written recorded contract between husband and wife changing the relation, the husband carries on business with the means of the wife, such business shall be held to ·be on her account by the husband as her agent, and making her liable to persons dealing with him without notice for debts contracted in the course of such business.

FROM the circuit court of, second district, Panola county. HON. PERRIN H. LOWREY, Judge.

Jones, appellee, was plaintiff and Mrs. Johnson, appellant, was defendant in the court below. From a judgment in plaintiff's favor the defendant appealed to the supreme court. The facts are sufficiently stated in the opinion.

*A. W. Shands,* for appellant.

The peremptory instruction asked by appellant should have been sustained. The burden of proof was upon the plaintiff to show what items of the account were furnished for the plantation and what for the house, and upon being interrogated as to each item he replied as to each that he did not know for what purpose it was bought, and does not know where it was used. *Porter* v. *Staten,* 64 Miss., 421.

The record nowhere shows that Mrs. Johnson, appellant, ever agreed to be liable for any of this account, and though section 2293, Code of 1892, makes her liable for the plantation supplies it extends to nothing else, and it appears from the record that part of these items were not plantation supplies, and she is not liable for the supplies furnished to support, feed, and clothe the family of H. M. Johnson unless she expressly ordered or knew that the goods were being sold upon her credit and does not dissent. The record does not show that she ever had an intimation that this was being done until a few days before the bringing of this suit, some two years after most of the items on the account were bought. *Caldwell* v. *Hart,* 57 Miss., 123; *Porter et al.* v. *Staten,* 64 Miss., 421.

*L. F. Rainwater,* for appellee.

The uncontradicted testimony was that the credit was extended solely to the wife and that appellee looked to her for payment, knowing that the husband was insolvent.

The case is on "all fours" with *Gross* v. *Pigg,* 73 Miss., 286, and *Ross* v. *Baldwin,* 65 Miss., 570. Counsel for appellant in the court below predicated his request for instructions on the case of *Porter* v. *Staten,* 64 Miss., 421. The latter case is un-

like the two former and unlike the case at bar in this: In *Porter* v. *Staten,* the wife was held liable as an undisclosed principal. In the case at bar and in *Ross* v. *Baldwin* and *Gross* v. *Prigg, supra,* the wife was not an undisclosed principal, but was known to be the owner, and the credit was extended to her.

The wife in the case at bar is liable not only because the statute, Code 1892, sec. 2293, makes her husband her agent, but for the further reason that by a course of dealing she had made him her agent in a broader sense.


PRICE, J., delivered the opinion of the court.

Jones was a merchant doing a general mercantile business in the town of Courtland. Mrs. Emma O. Johnson was the wife of H. M. Johnson, who managed and cultivated his wife's plantation during the year 1890, when the account sued on was made by H. M. Johnson with Jones for plantation and family supplies. There was no contract between Johnson and wife in evidence as to the farming operations. The husband, with the wife's means, had carried on her farming operations for a period of several years; and Jones had for several years sold family and plantation supplies, and charged them on his books to H. M. Johnson. H. M. Johnson was insolvent, and Jones had no notice that the husband was farming on his own account. For the years 1898 and 1899 the husband had gathered the crops from the plantation, and applied them to the account, without objection on the part of his wife, who lived in the town of Courtland, and was often in and about the store and purchased a portion of the goods, and had knowledge of the transactions. Statements of the account were rendered from time to time, in which the goods were charged to both husband and wife. The undisputed testimony was that the credit was extended to Mrs. Johnson, and that Jones looked to her for payment. Johnson had wage hands making the crop, and they were fed from his table. The defendant introduced no testi-

mony.  From a judgment of $159.79, Mrs. Johnson appeals to this court.

Counsel for appellant relies upon *Porter et al.* v. *Staten,* 64 Miss., 421, 1 South., 487.  In that case the wife was held liable as an undisclosed principal, and her liability limited to the debts contracted for the purpose of carrying on the business in which her means (the plantation) was used.  But in this case the wife does not occupy the position of an undisclosed principal, but was known to be the owner of the farm, and the credit was extended to her, the husband being insolvent.  Under section 2293, Code 1892, the wife is liable for supplies sold to the husband when he takes charge of her plantation as her agent, and makes crops upon it and buys supplies without any contract with her as provided in the section, changing the agency thus created.  Within the scope of such agency are embraced family supplies.  *Gross* v. *Pigg,* 73 Miss., 286, 19 South., 235.  As the wife is under no disability to contract, she may, by her conduct or course of dealing, and through the agency of her husband, extend her liability beyond the scope of sections 2293 of the Code of 1892.  *Ross* v. *Baldwin et al.,* 65 Miss., 570, 5 South., 111.

*Affirmed.*