Rivers *v.* Wade Hardware Co.*

(Division B.   May 21, 1928.   Suggestion of Error Overruled June 11, 1928.)

[117 So. 259.   No. 27169.]

*Corpus Juris-Cyc. References: Husband and Wife, 30CJ, p. 878, n. 85; p. 921, n. 28, 31.

*Boone & Lowrey*, for appellant.

*Lowery & Lamb,* for appellee.

ANDERSON, J.   Appellee brought this action in the circuit court of Quitman county against appellant on an open account in the sum of two hundred sixty-four dollars and eighty-six cents for goods, wares, and merchandise alleged to have been sold by appellee to appellant's husband, B. W. Rivers, for her benefit, and for which she refused to pay.  At the conclusion of the evidence, the court directed a verdict for appellee in the amount sued for.  Judgment was accordingly entered, from which judgment appellant prosecutes this appeal. The action of the court in directing a verdict for appellee is the ground of appellant's appeal.

Appellant did not dispute the correctness of the items of the account sued on, nor that the account represented

goods, wares, and merchandise purchased by her husband, and not paid for. The evidence showed, without conflict, that, when the account was incurred, appellant was unknown in the transaction, and that her husband, B. W. Rivers, who had died after the account was made, and before this action was brought, bought the goods, wares, and merchandise, evidenced by the account, in his own name, and on his own credit.

Appellee sought to hold appellant liable for the account under section 2521, Code 1906 (Hemingway's 1927 Code, section 2189), the applicable part of which is in this language:

"It shall not be lawful for the husband to rent the wife's plantation, houses, horses, mules, wagons, carts, or other implements, and with them, or with any of her means, to operate and carry on business in his own name or on his own account, but all business done with the means of the wife by the husband shall be deemed and held to be on her account and for her use, and by the husband as her agent and manager in business, as to all persons dealing with him without notice, unless the contract between the husband and wife which changes this relation, be evidenced by writing, subscribed by them, duly acknowledged, and filed with the chancery clerk of the county where such business may be done, to be recorded as other instruments."

The evidence made the following case: The account sued for was incurred by appellant's husband during the months of July, August, September, and October, 1926. It was for goods, wares, and merchandise sold appellant's husband by appellee, consisting of plantation and family supplies, and perhaps some items used in connection with a logging business in which appellant's husband was engaged. During the year 1926 appellant had leased, and her husband was operating, in his name, for her a plantation in Quitman county. She also owned a country store which he operated, selling therefrom the goods,

wares, and merchandise usually handled in such stores. Appellant owned teams and wagons and farm implements, and the evidence tended to show that her husband also owned teams and wagons and farm implements. With appellant's knowledge and consent, her husband conducted her farming operations, as well as her mercantile business, in his own name; she being unknown in either. This condition of the business was unknown to appellee when the account sued on was incurred by appellant's husband. Appellee sold the goods to appellant's husband on the faith that the plantation and mercantile business was his, and on his credit. The items of the account consisted largely of automobile casings and tubes, and other automobile accessories. The evidence showed that appellant's husband owned a Dodge car, which he used in attending to appellant's plantation and mercantile business, as well as any business of his own he may have had, and that the automobile accessories charged in the account sued on were purchased by appellant's husband for the car. Some of the items of the account were for family supplies for the home and family of appellant and her husband; one item in this category being a refrigerator.

The evidence tended to show that the appellant's husband, in partnership with some other person, carried on during 1926 a logging business in Panola county. From the nature of some of the items of the account, they must have been purchased for that business, for the account shows a few items, such as grabhooks, lead lines, and canthooks, which are not ordinarily used in farming operations. The evidence was rather indefinite as to what extent appellant's means were used in the logging business conducted by her husband in Panola county, but it showed that her teams and wagons, as well as those of her husband, were used in that business.

Appellant's position is that she cannot be held liable under the above statute for the acts of her husband in

incurring the account sued on, except in so far as it represents goods purchased by her husband in carrying on her plantation and mercantile business, and therefore she was not liable for that part of the account representing goods purchased by her husband for his logging business, and for family supplies. While appellee's position is that the evidence showed that appellant's means, either in whole or in part, were being used by her husband, to her knowledge, not only in the conduct of the plantation and mercantile business, but also in his logging business, and in the purchase of family supplies, and, therefore, in purchasing goods for those purposes, appellant's husband was acting within the scope of his authority as appellant's statutory agent, and consequently, for any goods so bought, appellant was liable.

In *Porter* v. *Staten,* 64 Miss. 421, 1 So. 487, in construing the statute involved, the court held that the liability of the wife, as an undisclosed principal, was limited to debts contracted by her husband, for the purpose of carrying on the business in which her means were employed—in that case farming—which excluded liability on her part for family supplies. It will be noted that the opinion of the court in that case was written by Judge COOPER, one of the ablest judges who ever sat on the supreme court bench of this state. The opinion in *Gross* v. *Pigg,* 73 Miss. 286, 19 So. 235, was also written by Judge COOPER. There it was decided that, where the husband operates and controls the plantation of the wife, and the creditor who furnishes him with supplies to carry on the business of the plantation is without notice of any contract between the husband and wife whereby the relation of agency thus created is changed, the wife is liable under the statute involved for all supplies purchased by the husband within the scope of such agency, *although some of them may have been family supplies and not devoted to the business transacted by him as her agent.* Judge COOPER concludes the opinion in this case with

the statement that the case was covered in all of its phases by the decision in *Porter* v. *Staten, supra.* We take that to mean that the decision in *Porter* v. *Staten* was relied on as authority for the decision in *Gross* v. *Pigg.* And, still so far as the liability of the wife for family supplies is concerned, the two cases appear to be squarely in conflict, the first holding that the wife is not liable for family supplies purchased by her husband as her statutory agent, while the latter holds to the contrary. In *Dean* v. *Boyd*, 86 Miss. 204, 38 So. 297, the Gross case was followed in an opinion by Judge WHITFIELD, in which he referred to neither that case nor the Porter case. Necessarily, therefore, the Porter case, in so far as it conflicts with the Gross case and the Dean case, was overruled.

The statute makes the wife liable where the business is carried on, with her means, in the name of her husband. The evidence in this case shows that appellant's husband operated, in his own name, with the appellant's means, in whole or in part, and with her knowledge and consent, her plantation and mercantile business, as well as his logging business; and, on the faith that such business were his, appellee extended the credit to appellant's husband, represented by the account sued on. Following the Gross and the Dean cases, we hold that appellant's husband, in making the account sued on, acted within the scope of his agency, not only in the purchase of the goods used in operating appellant's plantation and mercantile business, but also in the purchase of goods used as family supplies and for carrying on his logging business. It results from these views that the trial court committed no error in directing a verdict for appellee.

*Affirmed.*